**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

E-IMAGEDATA CORPORATION,

    Plaintiff,

vs.

DIGITAL CHECK CORP. d/b/a ST IMAGING,

    Defendant.

Case No. 2:16–cv–1761–GMN–VCF

**ORDER**

MOTION TO QUASH (ECF NO. 1)

Before the court are non-party Total Imaging Solutions (TIS)'s motion to quash (ECF No. 1), e-Imagedata's response (ECF No. 5), and TIS's reply (ECF No. 7). For the reasons stated below, the TIS's motion is denied for lack of jurisdiction.

**I. Background**

e-Imagedata sued Digital Check in the Eastern District of Wisconsin. (ECF No. 1-1) As part of discovery, e-Imagedata subpoenaed non-party Total Imaging Solutions. (*Id.*) The subpoena directed compliance in the Central District of California. (*Id.*) TIS moved to quash the subpoena in this District. (ECF No. 1) e-Imagedata argues that this court does not have jurisdiction over TIS's motion.

**II. Legal Standard**

"A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party of party's officer." FED. R. CIV. P. 45(c)(1).

/// /// ///

/// /// ///

1

### III. Discussion

1.  <u>This Court Does Not Have Jurisdiction Over Subpoena Served on TIS</u>

e-Imagedata subpoenaed documents from and noticed the deposition of non-party TIS. (ECF No. 1-1) The deposition and document production were scheduled to take place in Costa Mesa, California. TIS argues that the subpoena should be quashed as its sole officer and all of its documents are located over 100 miles away in Las Vegas, Nevada. (ECF No. 1) e-Imagedata contends that this court does not have jurisdiction over the motion to quash because compliance with the subpoena is required in California, not Nevada.

In *Agincourt Gaming v. Zynga, Inc.*, the defendant was involved in a patent infringement suit in the District of Delaware. No. 2:14-cv-708-RFB-NJK, 2014 WL 4079555 at* 1 (D.Nev. Aug. 15, 2014). As part of discovery in that action, it subpoenaed documents from several non-party individuals. *Id.* The subpoenas directed compliance in the Northern District of California. *Id.* The non-party individuals moved to quash their subpoenas in the District of Nevada. They argued that the requested documents were located in Las Vegas. *Id.* at 2. According to the non-parties, compliance was therefore required in the District of Nevada. *Id.* The court disagreed.

Since the defendant's subpoenas sought compliance in the Northern District of California, that was where the non-parties should have moved to quash their subpoenas. *See id.* The court noted that there was no separate portion of Rule 45 that addressed improperly issued subpoenas. *Id.* Motions to quash were to be brought in the district where compliance was sought. *See id.* at 3

Federal Rule of Civil Procedure 45(c)(3)(A) makes it clear that a motion to quash of modify must be brought before "the court for the district where compliance is required." The language of Rule 45 does not distinguish between proper and improper places for compliance. *See* FED. R. CIV. P. 45(c)(3). It requires the non-party challenging the subpoena to bring its challenge in the district where

the issuing party has sought compliance, regardless of whether the subpoenaed non-party believes the choice was correct. *See id.*

TIS argues that its sole officer and all of its operations are located in Las Vegas, NV. (ECF No. 1) e-Imagedata alleges that certain facts, such as its use of a 1099 independent contractor based in Long Beach, Calfironia, indicate that TIS regularly transacts business in California. These facts bear on where e-Imagedata could have sought compliance when it originally served its subpoenas. *See* FED. R. CIV. P. 45(c)(1). At this juncture, this inquiry is irrelevant.

e-Imagedata's subpoena directed TIS's compliance in Costa Mesa, CA. (ECF No. 1-1) Under Rule 45(c)(3), TIS was required to bring its motion to quash in the Central District of California.[1] TIS cannot argue that compliance is required in this District in order to file its motion to quash here. *See Agincourt Gaming*, 2014 WL 4079555 at* 3. This court lacks jurisdiction to decide TIS's motion.

In the alternative, TIS asks that this court transfer e-Imagedata's subpoenas to the Northern District of California. (ECF No. 7 at 5-6) After reviewing the parties' papers and attached exhibits, it does not appear that either party or non-party TIS has any connection with the Northern District of California. TIS's request is therefore denied.

ACCORDINGLY, and for good cause shown,

/// /// ///

/// /// ///

/// /// ///

---

[1] TIS's deposition and document production would have occurred at an address in Costa Mesa, CA, a city in Orange County, CA. About Costa Mesa, http://www.costamesaca.gov/index.aspx?page=2 (last visited on August 26, 2016). Orange County, CA is within jurisdiction of the Central District of California. Jurisdiction, http://www.cacd.uscourts.gov/jurors/jurisdiction (last visited on August 26, 2016).

3

IT IS HEREBY ORDERED that TIS's motion to quash (ECF No. 1) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of August, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE